UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| India Wymes, | Oakland County Circuit |
|     Plaintiff, | Case: 2007735290DS |
| 26348 Stanford Drive | Judge Cheryl Matthews |
| Southfield, MI 48033 | |
| v. | Case:2:15-cv-10579<br>Judge: Drain, Gershwin A.<br>MJ: Whalen, R. Steven<br>Filed: 02-13-2015 At 04:32 PM<br>REM WYMES V. ALEXANDER (DA) |
| William Alexander, | |
|     Defendant. | |
| 5521 Bedford | |
| Detroit, MI 48224 | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1443; Defendant William Alexander hereby removes this action from the 6th Circuit Court of Oakland County, Michigan, to the United States Federal Court for the Eastern District of Michigan, Southern Division.

Removal is based on federal question jurisdiction of 28 U.S.C. §1443(1) because Defendant is being deprived of rights guaranteed by federal law, and cannot reasonably enforce any right in state court. This case is intricately intertwined with Federal Case 2:14-cv-12249. In support of its notice, Defendant states as follows:

### I. Background

1.     In 2007, Plaintiff India Wymes initiated an action for child support in the Circuit Court of Oakland County, MI. (In accordance with 28 U.S.C. § 1446(a), a

1

copy of all process, pleadings and orders received by Defendant are entered as Exhibits in Federal Case 2:14-cv-12249.[1])

2. Sometime in November 2010, Child Protective Services ("CPS") initiated an investigation amidst allegations of child abuse against the Plaintiff. Upon conclusion of the investigation, CPS established that the Plaintiff changed the residence of the minor child without notifying the Court; a violation of MCL 722.31. CPS interviewed Defendant and relayed the aforementioned information; firmly asserting that the minor child did not reside with his mother, but with his maternal grandparents.

3. Upon discovering this information, Plaintiff conveyed to the Defendants in Federal Case 2:14-cv-12249, that there was a conflict of residence and evidence of unjust enrichment discovered by an outside agency. (CPS)

4. The Defendants in that case did not accurately document that there was an illegal change of residence, and sought to continue the support amount; unjustly enriching Plaintiff in case 2007-735290DS. Defendant Alexander asked for three years that the Defendants in Federal Case 2:14-cv-12249 initiate an investigation; Defendant Alexander also requested that the FOC obtain all documentation from the independent CPS investigation. All of the Defendants; agents; and acting officers all refused, and chose to continue to enforce the incorrect amount. (*See* Federal Compl. ¶ 3)

5. As a result of the refusal to document and/or initiate an investigation pursuant to MCL 552.505(g) and (h)[2]; and for "blocking Defendant Alexander

---

[1] *Alexander v. Rosen* et. al.

2

from testifying freely, fully, and truthfully, before the Court[3], as to avoid a permanent record; and for conspiring to contact various agencies and judicial officers in an attempt to punish Defendant Alexander for defending his civil rights, Plaintiff filed a civil suit against the Defendants on June 6, 2014.

## II. Actions within Federal Case 2:14-cv-12249

6. On June 6, 2014, William Alexander filed a civil action against the Defendants for their ongoing violations of the RICO Statute and 42 U.S.C. §1985. (See Plaintiff's Original Complaint.)

7. On July 29, 2014, this Court fashioned a flawed order dismissing Defendants Rosen and Matthews, claiming among other things, that this Court issued a Show Cause Order to Plaintiff June 19, 2014.[4]

8. Plaintiff appealed this dismissal to the Federal Court of Appeals for the 6th Circuit on September 26, 2014.

9. On November 3, 2014, the Federal Court of Appeals for the 6th Circuit refused jurisdiction since this Court's Order was not a Final Order.

10. On November 7, 2014, Defendants filed with this Court a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[5]

---

[2] See Federal Compl. ¶ 77.

[3] A violation of 42 U.S.C. §1985(2)(3).

[4] Plaintiff did not receive the Court's June 19th, 2014 Order.

[5] Attorney David Asmar conveniently forgot to dispatch a copy of the dismissal to Plaintiff.

3

11. On December 11, 2014, Plaintiff filed a Request for Judicial Notice, along with an affidavit. In that request for Judicial Notice, Plaintiff requested that the Federal Court take judicial notice of the fact that all Defendants in Federal Case 2:14-cv-12249 are still actively participating in Lower Court case no: 2007-735290DS. This is a violation of MCR 2.003 (g)(i): ("The judge is a party to the proceeding, or an officer, director, or trustee of a party;")

12. On December 11, 2014, this Court fashioned an order to show cause why an unopposed motion to dismiss by defendants should not be granted.

13. On December 16, 2014, Plaintiff informed the Court that opposing counsel did not serve him, nor had he seen any motion to dismiss.

14. On January 9, 2015, Plaintiff filed a "Change of Address Notice" with this Court.

15. On January 28, 2015, Plaintiff received a copy of several backdated Court Orders[6], each dated December 17, 2014[7] and December 18, 2014. Accompanying these Orders was the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

16. The Court Order dated December 17, 2014, did not take notice of the adjudicative fact that each Defendant in Plaintiff's case ongoing Federal Case was and are currently playing active roles in Lower Court Case No. 2007-735290DS.

---

[6] Plaintiff contends that these Orders are flawed since they are outdated by a month, and have not been renewed. Plaintiff is currently appealing the Order dismissing civil suit against Defendants Gerald Rosen and Cheryl Matthews.

[7] An Order Regarding Plaintiff's Request for Judicial Notice arrived in a separate envelope. Plaintiff is currently objecting to this Order. (*See* Plaintiff's Motion for Objection to Court Order Due to the Presumption of Collusion.)

4

### III. Notice of Removal Regarding State Case 2007-735290DS Is Timely Filed

17. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes as defined by 28 U.S.C.A. 1441(a).

18. Defendant/Plaintiff William Alexander was served with the Defendant's Motion to Dismiss and the Court's Refusal to Take Judicial Notice, on January 28, 2015.

19. On February 4, 2015, Defendant/Plaintiff was also served with Plaintiff India Wymes Notice to Appear in 6th Circuit Court on February 11, 2015.

20. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b), since this Notice of Removal is filed within 30 days after January 28, 2015, and February 4, 2015, which are the dates Defendant/Plaintiff was first served with the complaint and summons.

21. The United States District Court for the Eastern District of Michigan is the proper place to file this Notice of Removal under 28 U.S.C. §1443 because the Federal District Court embraces any action in which a Defendant is denied, cannot, or is deprived of the ability to enforce their civil or constitutional rights in state court where an action is pending.

### IV. This Court Has Federal Question Jurisdiction

22. The intricately combined nature of Federal Case 2:14-cv-12249 and State Court Case 2007-735290DS are unquestionable on several fronts. Federal question jurisdiction exists over Plaintiff India Wymes claims, because the State

5

Court actors are aiding Plaintiff Wymes in receiving unjust enrichment, by refusing to allow Defendant/Plaintiff Alexander to testify before the trial court on the record. (*See* e.g., "Request for Judicial Notice" (Federal Docket Entry No. 21), accompanied by an Affidavit (Docket Entry No. 22).

23. Furthermore, this is a conspiracy to obstruct justice by impeding Defendant/Plaintiff Alexander from testifying on the record before the open court in order to influence the verdict and presentment in the State Court case.

24. This behavior is apparent due to Judge Matthews's refusal to waive State Court fees without reason; Judge Matthews and David Hoffman also contacted the State Court of Appeals and influenced the decision to have Defendant Alexander's case dismissed. (See Federal Compl. ¶ 93. and ¶ 139.)[8]

25. Federal jurisdiction of this case is also ascertained due to the violations of 42 U.S.C. 1985§ (3). Defendant/Plaintiff Alexander is deprived of exercising his sixth amendment right to testify before the court. ("Logically included in the accused's right to call witnesses whose testimony is "material and favorable to his defense," *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982), is a right to testify himself, should he decide it is in his favor to do so. In fact, the most important witness for the defense in many criminal cases is the defendant himself. There is no justification today for a rule that denies an accused the opportunity to offer his own testimony. See generally Westen, The Compulsory Process Clause, 73 Mich. L. Rev. 71, 119-120 (1974).")[9]

---

[8] On April 9, 2014, Defendant David Hoffman gave testimony on the record before the Court that he contacted the State Court of Appeals.

[9] *Rock v. Arkansas*, 483 US 44 - Supreme Court 1987

6

26. Further Defendant/Appellant is deprived of his right to have his court fee's waived as an indigent individual pursuant to 28 U.S. Code § 1915.

27. Because Defendant/Plaintiff is barred from testifying before the Court, and because Defendant/Plaintiff William Alexander is barred from having his fees waived, Defendant/Plaintiff is being deprived of his civil and constitutional rights, and removal of this entire case is appropriate under 28 U.S.C. § 1443.

### V. Consent of the Defendant

28. This Notice of Removal is filed on behalf of Defendant William Alexander.

29. Concurrently with this Notice of Removal, Defendant William Alexander will file a copy of this Notice with the Sixth Circuit Court of Oakland County Michigan. A copy of the written notice of the Notice of Removal to Federal Court is attached here as **Exhibit A**. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.

30. If any question arises as to the propriety of the removal of this action, Defendant respectfully request the opportunity to present a brief and oral argument in support of his position that this case is removable. See *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## Conclusion

For the foregoing reasons, Defendant respectfully request that this civil action be, and is hereby, removed to the United States District Court of the Eastern District of Michigan, Southern Division, that this Court assume jurisdiction of this civil action pursuant to 28 U.S.C. §1443, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: February 9, 2015                                  Respectfully submitted,

/s/ William M. Alexander

Defendant

Exhibit A

STATE OF MICHIGAN

IN THE 6th CIRCUIT COURT OF

OAKLAND COUNTY

| | |
|---|---|
| India Wymes, | Oakland County Circuit |
| Plaintiff, | Case: 2007735290DS |
| 26348 Stanford Drive | Judge Cheryl Matthews |
| Southfield, MI 48033 | |
| v. | |
| William Alexander, | |
| Defendant. | |
| 5521 Bedford | |
| Detroit, MI 48224 | |

_____

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

_____

Defendant William Alexander hereby provides to this Court and all parties the following:

**Notice of Removal to the United States District Court**

1. By the filing of this Notice with the Clerk of this state Court, together with the attached and corresponding petition and warrant for removal that was filed in the United States District Court prior, these state proceedings are now REMOVED, by automatic operation of federal law, and this Defendant now formally notifies the Court and all parties of that same fact.

1

2. Pursuant to 28 U.S.C. 1441, et seq., immediately upon the filing of this Notice, with the Clerk of this Court, this case has been already removed; The removal of jurisdiction from this Court is automatic by operation of federal law, and does not require any additional written order from the District Judge to cause this removal to become "effective" – the removal is an automatic judicial event, and immediate by operation of law. ("The petition is now filed in the first instance in the federal court. After notice is given to all adverse parties and a copy of the petition is filed with the state court, removal is effected and state court proceedings cease unless the case is remanded. 28 U. S. C. § 1446 (1964 ed.).)[1]

3. For the reason that this case is now removed, the instant Court is without jurisdiction.

4. The petition for warrant of removal to the United States District Court is attached hereto as required by the express language of federal law. **Exhibit A**.

WHEREFORE, Defendant William Alexander, notifies the Court and all other parties that this cause is now removed, that this Court has absolutely no jurisdiction for any judgment in this cause, unless and until the United States Supreme Court decides to remand or not remand, and further moves for all other relief that is just and proper in the premises under 28 U.S.C. § 1443.

Dated: February 9, 2015

Respectfully submitted,
/s/ William M. Alexander
Defendant

---

[1] *Georgia v. Rachel,* 384 US 780 - Supreme Court 1966 (emphasis added).

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose: **Oakland**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
India Wymes
26348 Stanford Drive
S/fld, MI 48033

(b) County of Residence of First Listed Plaintiff: **Oakland**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
William Alexander
5521 Bedford
Det, MI 48224

County of Residence of First Listed Defendant: **Wayne**
*(IN U.S. PLAINTIFF CASES ONLY)*

Case: 2:15-cv-10579
Judge: Drain, Gershwin A.
MJ: Whalen, R. Steven
Filed: 02-13-2015 At 04:32 PM
REM WYMES V. ALEXANDER (DA)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1443(1)

Brief description of cause:
Please See Attached

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Sean Cox
DOCKET NUMBER: 2:14-cv-12249

DATE: February 10, 2015

SIGNATURE OF ATTORNEY OF RECORD: *W. M. Alk*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: United States District Court Eastern District

   Case No.: 2:14-cv-12249

   Judge: Sean Cox

   Notes :